# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN REID-DOUGLAS, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> JOHN E. WETZEL; DAVID PINKETT; ) <br> LOUIS S. FOLINO; LORRINDA ) <br> WINFIELD; WALLACE LEGGETT; ) <br> DAVID GRAINEY; JEFFREY ROGERS; ) <br> MARIA BALESTERIER; IVAN; MARK ) <br> CAPPOZZA; TRACEY SHAWLEY; and ) <br> JAMES BARNACLE, ) <br> ) <br> Defendants. ) | Civil Action No. 13-500 <br> Judge Nora Barry Fischer/ <br> Magistrate Judge Maureen P. Kelly <br><br><br><br> Re: ECF No. 19 |

## ORDER

Steven Reid-Douglas ("Plaintiff") has filed a Motion for Service on the Attorney General ("Motion for Service"). ECF No. 19. This order addresses that Motion for Service.

Plaintiff initially filed a Motion for Leave to Proceed *In Forma Pauperis* ("IFP Motion") in order to pursue a Civil Rights action. ECF No. 1. His IFP Motion was granted. ECF No. 5. Plaintiff filed an Amended Complaint against sixteen (16) defendants. ECF No. 10. Attached to the Amended Complaint were exhibits. On June 25, 2013, the Court entered a Deficiency Order advising Plaintiff that he failed to furnish the correct number of copies of the Amended Complaint in addition to the Marshal's 285 Forms and the Notice of Lawsuit and request for waiver of service of summons. ECF No. 15. Plaintiff was given until July 9, 2013 to comply. On July 10, 2013, the Court received Plaintiff's Second Amended Complaint which

named twelve (12) defendants and which had 7 exhibits attached thereto. ECF No. 18. On the same day, Plaintiff filed his Motion for Service, which for the reasons below will be denied.

In the Motion for Service, Plaintiff notes that his IFP Motion was granted and that he was ordered to file sufficient copies of the complaint for service. Plaintiff complains that despite the grant of his IFP Motion and given his poverty, it is impossible for him to obtain thirteen photocopies of his sixty-one page Second Amended Complaint which will cause Plaintiff to incur a cost of $79.80 and he only gets $10.00 per month given to him by the prison authorities for litigation as an indigent prisoner. Accordingly, Plaintiff seeks to have an order directing the United States Marshal to serve the Office of the Attorney General Of Pennsylvania with the Second Amended Complaint since one of their attorneys already entered a limited appearance and have her waive service as to each of the twelve defendants.

Even though Plaintiff says the Department of Corrections provided only $10.00 in legal expenses each month for litigation, this is not the only income Plaintiff receives. As amply demonstrated by the Inmate Account Statement accompanying Plaintiff's IFP Motion, he receives personal gifts of money roughly every two months ranging from 30 dollars to 60 dollars at a time. Hence, this money, as well, is available to Plaintiff to pay for his litigation activities which, in addition to the present case, are multiple and ongoing. See, e.g., Reid-Douglas v. Mayer et al., 4:2009-cv-576 (M.D. Pa.); Reid-Douglas v. Harding et al., 1:2010-cv-2049 (M.D.Pa.); Reid-Douglas v. McAnany at al., 2:2012-cv-1168 (W.D. Pa.) .

Accordingly, Plaintiff is ORDERED to supply a copy of the Second Amended Complaint for each defendant named in the Second Amended Complaint, if he names 12 Defendants, he must provide 12 service copies of the Second Amended Complaint along with the same number of United States Marshal Form 285 and with the same number of completed notices of lawsuit

and requests for waiver of service.[1]  See, e.g., Holly v. True, NO. 92 C 1636, 1992 WL 159318, at *3 (N.D. Ill. July 1, 1992) ("The court denies Holly's motion to submit his complaint without copies. If Holly wants to sue twenty-eight defendants, he must provide the court with sufficient copies of his complaint in order to effect service. If Holly finds this task difficult, he should seriously consider whether he wants to sue each of the defendants he has named. One of the purposes of requiring even pro se litigants to provide service copies is to cause them to focus their efforts against those individuals truly responsible for the deprivations alleged in the complaint."). To the extent that Plaintiff cannot afford to pay for photocopies of the Second Amended Complaint, then he may hand copy each such complaint[2] so long as the hand copies are identical. The Court will not provide Plaintiff copies nor is the Pennsylvania Department of Corrections required to provide such copies free of charge. See, e.g., Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in the [IFP] statute for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). It is Plaintiff's responsibility to provide sufficient copies. If he does not do so, his case could be dismissed for failure to prosecute and/or for failure to obey a court order. Plaintiff has been warned.

Plaintiff is ORDERED to provide by August 30, 2013, the necessary number of copies of the Second Amended Complaint as well as sufficient copies of USM Form 285 and Notices of

---

[1] If he does not already have them, Plaintiff may request in writing from the Clerk's Office the US Marshal Form 285 and the Notice of Lawsuit and Request for Waivers.

[2] As for the Exhibits attached to the Second Amended Complaint, Plaintiff will simply have to pay for the photo copies of such exhibits.

Lawsuit/Requests for Waivers of Service. Failure to do so will result in the Civil Action being dismissed. Plaintiff's Motion for Service is DENIED.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72.C.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of this Order to file an appeal to the District Judge which includes the basis for objection to this Order. Any appeal is to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to file a timely appeal will constitute a waiver of any appellate rights.

                                                                         s/Maureen P. Kelly
                                                                         MAUREEN P. KELLY
                                                                         UNITED STATES MAGISTRATE JUDGE

Date: July 26, 2013

cc:      The Honorable Nora Barry Fisher
         United States District Judge

         STEVEN REID-DOUGLAS
         JH-8196
         SCI Greene
         175 Progress Drive
         Waynesburg, PA 15370